**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Christopher Polansky

    v.                                       Civil No. 12-cv-105-PB

William L. Wrenn, Commissioner,
New Hampshire Department of
Corrections, et al.


**O R D E R**


Before the court is Christopher Polansky's complaint (doc. no. 1), filed pursuant to 42 U.S.C. § 1983 and state law, asserting violations of his constitutional and federal statutory rights.  Because Polansky is a prisoner, the matter is before the court for preliminary review to determine if the complaint states any claim upon which relief might be granted.  See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).


**Service**

As explained fully in a report and recommendation issued simultaneously with this order, Polansky has stated claims upon which relief might be granted as follows: (1) an Eighth Amendment claim, as well as state law claims, alleging inadequate medical care, for the denial of physical therapy,

against defendants Dr. Celia Englander, Bernice Campbell, and

Helen Hanks, in their individual capacities; (2) an Eighth

Amendment claim alleging the denial of a safe shower facility,

against Warden Richard Gerry in his individual capacity; (3) a

First Amendment familial association claim against Major John

Fouts and Gerry in their individual capacities; and (4) ADA and

Rehabilitation Act claims alleging the denial of reasonable

accommodations to make the prison shower safe for Polansky and

to allow Polansky to have contact visits, against the New

Hampshire Department of Corrections.  Accordingly, the court now

directs service of these claims on the identified defendants.

To serve process on Dr. Celia Englander, the Clerk's office

shall issue a summons against Dr. Englander, at the address

provided for the NHSP Medical Department, and shall forward to

the office of the United States Marshal for the District of New

Hampshire (the "U.S. Marshal") the summons and copies of the

complaint (doc. no. 1), the report and recommendation issued

this date, and this order.  Upon receipt of the necessary

documentation, the U.S. Marshal shall make service upon Dr.

Englander.  See Fed. R. Civ. P. 4(c)(3).

As to the remaining defendants, the Clerk's office is

directed to serve the New Hampshire Office of the Attorney

General ("AG"), as provided in the Agreement on Acceptance of

Service, electronic copies of the report and recommendation

issued this date, this order, and the complaint (doc. no. 1).

See LR 4.3(d)(2)(C).  Within thirty days from receipt of these

materials, the AG will submit an Acceptance of Service notice to

the court specifying whether each defendant has authorized the

AG to receive service on his or her behalf.  When the AG files

the Acceptance of Service, service will be deemed made on the

last day of the thirty-day period.

    If any defendant does not authorize the AG to receive

service on his or her behalf, or the AG declines to represent

any defendant, the AG shall, within thirty days from receipt of

the aforementioned materials, provide to the court the last

known address of that defendant.  In that event, the Clerk's

office is instructed to complete and issue a summons for that

defendant, using the last known address provided, and forward

the summons, along with the above-listed documents, to

the U.S. Marshal to complete service on the defendant in

accordance with this Order and Fed. R. Civ. P. 4(c)(3).

    Defendants are instructed to answer or otherwise plead

within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written

motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to the defendants or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

May 30, 2012

cc:  Christopher Polansky, pro se

LBM:jba