UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Polansky

   v.                                                Civil No. 12-cv-105-PB

William L. Wrenn, Commissioner,
New Hampshire Department of
Corrections, et al.

**REPORT AND RECOMMENDATION**

    Christopher Polansky has filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the United States Constitution, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, the Rehabilitation Act, 29 U.S.C. § 794(a), and state law.  Before the court is Polansky's second "Motion for Emergency Preliminary Injunction" (doc. no. 43).  Defendant Celia Englander has filed an objection (doc. no. 47), as have the State defendants (doc. no. 48).  The district judge has referred the motion to this magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for consideration and a report and recommendation as to disposition (doc. no. 46).  For the reasons that follow, the court recommends that the motion (doc. no. 43) be denied.

**Background**

I. <u>Procedural History</u>

    A.   <u>Preliminary Review</u>

Polansky's complaint asserted claims alleging: (1) inadequate medical care (pain treatment, physical therapy, and medical assistive devices); (2) unsafe and inhumane conditions of confinement (unsafe shower, inadequate heating and cooling); (3) denial of contact visits; (4) denial of law library access; (5) failure to provide reasonable accommodations under the ADA (safety alarm in shower, wheelchair accessible group therapy and library access, assistance in undressing); and (6) retaliation. After preliminary review, conducted pursuant to 28 U.S.C. § 1915A(a), most of the claims were dismissed for failure to state a claim upon which relief may be granted. <u>See</u> Report and Recommendation (doc. no. 19) (May 30, 2012) (recommending dismissal of certain claims); <u>see also</u> Order (doc. no. 34) (June 15, 2012) (approving May 30 report and recommendation). The claims remaining in this action after preliminary review concern: (1) the denial of physical therapy; (2) the denial of a safe shower; and (3) the denial of contact visits.

    B.   <u>First Motion for Preliminary Injunction (Doc. No. 3)</u>

Polansky filed his first motion for preliminary injunctive relief at the time this action was filed. The court approved

2

the magistrate judge's recommendation to deny that motion.  <u>See</u> Order (doc. no. 36).  The magistrate judge's recommendation was based on Polansky's failure to meet the standard for preliminary injunctive relief, in that he did not demonstrate that he was likely to succeed on the merits of the claims underlying the requested injunction, and because he did not demonstrate that irreparable harm would ensue without an injunction.  <u>See</u> Report and Recommendation (doc. no. 24) (June 4, 2012) (recommending denial of first motion for preliminary injunction (doc. no. 3)); <u>see also</u> Order (doc. no. 36) (June 20, 2012) (approving June 4 report and recommendation).

    C.   <u>Second Motion for Preliminary Injunction (Doc. No. 43)</u>

Polansky has now filed the instant motion, which is his second motion for a preliminary injunction (doc. no. 43). Polansky states that he has arthritis as a result of "the denial of physical therapies, exercise, and recreation."  Polansky asserts that he suffers daily pain, and that if he is denied better medical care than what he has received, his condition could worsen and "the passage of time . . . could nullify the ability to correct his condition."

Polansky also complains that the shower chair that prison officials recently purchased for him is inadequate to meet his needs, in that the chair is too short, does not have a safety

3

bar, and has a waste receptacle that is prone to spilling when it gets too full. Polansky also complains that prison officials have been unable to find the appropriate attachment parts for his shower seat pad, which has caused his skin to tear when Polansky gets on or off the seat.

Polansky's motion does not request specific relief, but generously construed, the motion can be read to seek a court order directing the defendants to: (1) provide better medical care than they are presently providing, including consultation with and treatment from non-prison medical providers to determine whether there is any surgical or medical treatment that would relieve his pain; (2) provide with an appropriate shower seat gel pad; (3) provide him with a different shower chair; and (4) provide him with physical therapy, recreation, and exercise opportunities.

**Discussion**

I.  Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Voice

of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).  The movant must show a likelihood of success on the merits as a prerequisite to obtaining preliminary injunctive relief.  See Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("if the moving party cannot demonstrate that he is likely to succeed in his quest," preliminary injunctive relief is properly denied without further analysis).  A movant must also "'demonstrate[e] that if [the requested injunction] is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.'"  Voice of the Arab World, 645 F.3d at 32 (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.1 (2d ed. 1995)).

   As explained below, the court finds that Polansky has failed to state sufficient facts to satisfy the standard for obtaining a preliminary injunction.  Two of Polansky's claims for injunctive relief, concerning medical care and a shower seat gel pad, arise out of underlying claims that have been dismissed from this action, and are therefore not likely to be successful on their merits.  The other two claims, concerning a shower chair and physical therapy, either state new claims for relief which are not properly before the court, or fail to allege sufficient facts to demonstrate that irreparable harm will result in the absence of an injunction.

II. <u>Medical Care for Pain and Shower Seat Gel Pad</u>

Upon approving the May 30 report and recommendation, <u>see</u> Order (doc. no. 34), the court dismissed Polansky's claims alleging the denial of medical care (except as to physical therapy), finding that Polansky had failed to state a claim upon which relief might be granted for the denial of constitutionally adequate treatment for his pain.  Similarly, the court dismissed Polansky's claim that defendants had failed to provide him with an appropriate shower seat pad, as Polansky failed to demonstrate that the defendants had acted with deliberate indifference in regard to providing Polansky with medical assistive devices.

Polansky cannot demonstrate that he is likely to succeed on the merits of claims that have been dismissed from this action, without first either seeking leave to amend the complaint to add such claims to this case and properly supporting that motion with a proposed complaint setting forth factual allegations sufficient to state an actionable claim for relief, or by seeking reconsideration of the order dismissing the claim, neither of which he has done.  As stated above, likelihood of success on the merits is a necessary showing to obtain preliminary injunctive relief.  <u>See</u> <u>Esso Standard Oil Co.</u>, 445 F.3d at 18.

Because the claims underlying the requests for injunctive relief concerning the failure to provide an adequate shower seat gel pad and the provision of medical care to treat his pain, have been dismissed from this action, Polansky cannot demonstrate that he is likely to succeed on their merits.[1] Accordingly, those requests for injunctive relief should be denied.

III. Physical Therapy

As to Polansky's request for a preliminary injunction concerning physical therapy, for which the underlying claim has not been dismissed, the court will assume, without deciding, that Polansky could demonstrate likelihood of success on the merits of the underlying claim.  The court will next consider whether Polansky has demonstrated that irreparable harm would likely occur in the absence of the requested injunction.  If Polansky cannot demonstrate such irreparable harm, preliminary injunctive relief is not warranted.  See Winter, 555 U.S. at 21. "[T]he alleged irreparable harm must be more than speculative." Kelly Servs., Inc. v. Greene, 535 F. Supp. 2d 180, 188 (D. Me. 2008) (citing Matrix Group Ltd. v. Rawlings Sporting Goods Co.,

---

[1] To the extent Polansky complains of being denied an attachment part for the shower seat gel pad, rather than the gel pad itself, no such claim has been raised in this action.  To raise such a claim, Polansky would have to properly move to amend his complaint.

7

378 F.3d 29, 34 (1st Cir. 2004)); see also In re Rare Coin Galleries of Am., Inc., 862 F.2d 896, 902 (1st Cir. 1988) ("Speculation or unsubstantiated fears of what may happen in the future cannot provide the basis for a preliminary injunction.").

Polansky requests an injunction requiring the defendants to provide him with physical therapy, recreation, and exercise to correct or treat arthritis that Polansky alleges is the result of being denied physical therapy.  While not stated explicitly in the instant motion, Polansky has repeatedly asserted in this action that the damage he has experienced as a result of the lack of physical therapy is permanent and irreversible. Polansky's unsupported assertions that physical therapy might help him or prevent his condition from worsening are, at best, speculative.  Polansky has failed to demonstrate, therefore, that he is likely to suffer irreparable, non-speculative harm if the court fails to issue an injunction directing that he be immediately provided with physical therapy.[2]

---

[2] Polansky alleges that his ongoing pain constitutes irreparable harm.  The court has already dismissed Polansky's claim alleging inadequate pain treatment, finding that Polansky failed to demonstrate that the treatment he received violated the Eighth Amendment.  To the extent Polansky seeks reconsideration of the dismissal of any of his claims, or seeks to amend his complaint to add a new claim for inadequate medical care, he must do so by filing an appropriate motion.

IV.  <u>Shower Chair</u>

Polansky also seeks injunctive relief to remedy alleged inadequacies in a shower chair the prison has provided to him. Polansky has previously asserted a cognizable claim in this action alleging that the handicapped showers at the jail are unsafe because they do not have a safety alarm system.  He has also asserted a claim, that has been dismissed, concerning the defendants' failure to purchase a gel pad for his shower chair seat.  He has not, however, previously asserted any claim complaining about the shower chair itself.  Assuming, without deciding, that Polansky could state such a claim, the court would find the instant request for injunctive relief insufficient to demonstrate irreparable harm.

Polansky states that the prison has recently provided him with a new shower chair.  The new chair replaced Polanksy's previous shower chair that had been purchased for Polansky by his sister.  Polansky alleges that the wheels on the old chair were two inches taller than the wheels on the new chair, had an attached safety bar, which the new chair lacks, and had a tight-fitting bucket in the seat to catch waste, while the new chair has a "dishpan" that spills when it gets too full.  In the new chair, Polansky alleges that his feet drag, he could fall out due to the lack of a safety bar, and that in the event of a spill of waste, other inmates could be exposed to a safety

hazard because Polansky has been diagnosed with Hepatitis C. Polansky has not identified what harm would come to him if he continues to use the shorter chair or if the "dishpan" were to spill. Further, Polansky has not alleged that he has fallen as a result of the lack of a safety bar, or that such a fall is likely.

Moreover, Polansky does not state that he has asked prison officials to provide him with another chair or otherwise remedy the issues with his current chair. Nor has Polansky stated what response he has received to any such request that has been made. The court cannot find that an injunction is required where plaintiff has alleged no facts to suggest that the defendants are unable or unwilling to remedy the situation.

While the court is not unsympathetic to the difficulties faced by Polansky as a disabled inmate with limited access to assistive devices, it cannot find that he has asserted sufficient facts to demonstrate that he will be subject to irreparable nonspeculative harm in the absence of the requested injunction. Accordingly, no injunction concerning Polansky's shower chair should issue.

## Conclusion

For the foregoing reasons, the court recommends that Polansky's second motion for a preliminary injunction (doc. no.

43) be denied. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

August 31, 2012

cc: Christopher Polansky, pro se
    Lynmarie C. Cusack, Esq.
    Melissa M. Hanlon, Esq.

LBM:jba