UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Polansky

    v.                                    Civil No. 12-cv-105-PB

William Wrenn, Commissioner,
New Hampshire Department of
Corrections, et al.

## REPORT AND RECOMMENDATION

Before the court is plaintiff's "Motion for Reprieve," (doc. no. 51), seeking a preliminary injunction. Defendants Richard Gerry, Helen Hanks, Bernice Campbell, and John Fouts (hereinafter "state defendants"[1]) have filed an objection (doc. no. 54). The motion has been referred to this magistrate judge for proposed findings and a recommendation as to disposition pursuant to United States District Court District of New Hampshire Local Rule ("LR") 72.1. For the reasons explained herein, the motion (doc. no. 51) should be denied.

---

[1] The "state defendants" are employed by the state. Dr. Celia Englander is also a defendant but is employed by a private entity.

**Discussion**

I.   <u>Request for Reprieve</u>

Polansky seeks relief from "a pattern of negativity directed towards the plaintiff," which Polansky believes has occurred in retaliation for Polanksy's filing of this suit. Polansky asserts that the following retaliatory actions were taken against him:

   A.   Polansky was denied access to the law library on one occasion.

   B.   Officer Dugre intentionally shut a door on Polansky, causing him to have to wait for someone to open the door to gain access to the law library in his wheelchair.

   C.   Officer Dugre declined to provide Polansky with assistance beyond what his job required.

   D.   Irregularities in the execution of mailroom and/or administrative procedures caused a two-month delay in Polansky's receipt of $110.00 from his brother, resulting in Polansky being unable to purchase canteen items, pay for copies of legal work, or buy stamps during that period.

   E.   Polansky was charged more money for copies of his medical record than he thought he would have to pay, and cannot get free access to his records to enable him to review them and request copies only of what he needs, rendering the obtaining of his medical records cost-prohibitive.

   F.   A prison staff member made a statement to Polansky implying that Polansky's pursuit of this action could result in certain unnamed individuals sabotaging Polansky's upcoming bid for medical parole.

    G.    Polansky has been told by unidentified individuals that he is being mistreated in retaliation for his filing of this civil action;

The state defendants object (doc. no. 54), arguing that the allegations in the instant motion do not arise out of the conduct or otherwise sufficiently relate to any underlying claim in this matter. Further, the state defendants assert that Polansky has not filed any administrative grievance concerning the allegedly retaliatory acts referenced in the motion.

## II. Preliminary Injunction

### A. Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20; see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).

### B. Unrelated Claims

The issues Polansky raises in the instant motion for injunctive relief are not based on the claims presently pending

3

in this action. Instead, the motion raises new retaliation claims. "[A] party moving for a preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Lyons v. Wall, No. 08-498-ML, 2010 WL 5562272, at *2 (D.R.I. Oct. 26, 2010) (citations omitted), report and recommendation approved by No. 08-498-ML, 2011 WL 87345 (D.R.I. Jan. 10, 2011); see also Guillen v. Thompson, No. CV 08-1279-PHX-MHM (LOA), 2009 WL 2513501, at *6-7 (D. Ariz. Aug. 14, 2009) (injunctive relief improper where motion for relief was based on new retaliation claims and was not related to the conduct giving rise to the underlying inadequate medical care claims in the case (citing Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (inmate whose suit alleged inadequate medical care was not entitled to preliminary injunction based on conduct that inmate alleged was retaliatory for his filing of the underlying complaint))).

    Here, Polansky has grounded his request for preliminary relief solely on acts he alleges were taken in retaliation for his filing of this lawsuit. None of the assertions in the instant motion relate to the denial of physical therapy, denial of a safe shower, or the denial of contact visits, which are the allegations that form the basis of the claims in this action. Injunctive relief cannot properly be grounded on Polansky's new

allegations of retaliation, and the motion should be denied on that basis.

### C. Merits of Retaliation Claims

Although there is no retaliation claim in this case at this time, Polansky may have intended, by filing this motion, to amend his complaint to include such a claim. The court finds, however, that such an amendment would be futile, as Polansky has failed to state a viable retaliation claim. To the extent, therefore, that Polansky has intended his motion to include a request to amend his complaint to assert a retaliation claim, the request should be denied.

To assert a retaliation claim, Polansky must state sufficient facts to show that: (1) the conduct which led to the alleged retaliation was protected by the First Amendment; (2) some adverse action at the hands of prison officials; and (3) a causal link between the exercise of his First Amendment rights and the adverse action taken. See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011), cert. denied, 132 S. Ct. 1105 (2012). As to the "adverse act" requirement, de minimis adverse acts will not support a retaliation claim. See Pope v. Bernard, No. 10-1443, 2011 WL 478055, at *2 (1st Cir. Feb. 10, 2011), cert. denied, 132 S. Ct. 261 (2011). A defendant's reaction to an exercise of

an inmate's First Amendment rights is not de minimis, however, if it would deter an individual of ordinary firmness from exercising his or her First Amendment rights. See id.

Occasional denials of access to the law library, delays in the availability of for-purchase items, and being required to pay for copies of documents, without more, are normal incidents of prison life. The court finds that the "adverse acts" alleged are insufficient to deter an inmate of ordinary firmness from filing a lawsuit. The acts alleged are thus de minimis and cannot support a retaliation claim. As no cognizable retaliation claim has been asserted, the complaint in this matter should not be amended to add such a claim.

## Conclusion

For the foregoing reasons, the motion for reprieve (doc. no. 51) should be denied. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by

objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

October 16, 2012

cc: Christopher Polansky, pro se
    Lynmarie C. Cusack, Esq.
    Melissa M. Hanlon, Esq.

LBM:jba