## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

Christopher Polansky

     v.                      Civil No. 12-cv-105-PB

Richard Gerry, Warden,
New Hampshire State Prison, et al.

## REPORT AND RECOMMENDATION

Before the court are plaintiff's fourth and fifth efforts to obtain preliminary injunctive relief in this case: "Motion for Pleading" (doc. no. 66) and "Motion for Emergency Preliminary Injunction" (doc. no. 71).  Both request a court order directing defendant Richard Gerry to grant plaintiff access to the prison law library.  The request for injunctive relief has been referred to this magistrate judge (doc. no. 72) for a report and recommendation.  Defendants have objected to the "Motion for Pleading" (doc. no. 70), and Polansky has responded to the objection (doc. no. 73).

## Standard for Preliminary Injunction

"A preliminary injunction is an 'extraordinary and drastic remedy.'"  Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8 (1st Cir. 2012) (quoting Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)).

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also People's Fed. Sav. Bank, 672 F.3d at 9.

Demonstration of irreparable harm in the absence of an injunction is required to obtain preliminary injunctive relief. See Voice of the Arab World, 645 F.3d at 32 ("[P]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." (internal quotation marks and citation omitted)).  To demonstrate irreparable harm, plaintiff must state facts to demonstrate more than speculation that he might suffer harm in the future if the court fails to issue the requested injunction.  See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 6-7 (1st Cir. 1991) ("[s]peculative injury does not constitute a showing of irreparable harm" (citation omitted)).

## Discussion

In his motions for injunctive relief (doc. nos. 66 and 71), Polansky asserted that he had been denied access to the law library, in violation of his right to access the courts, in that

between September and November 2012, he was permitted only a few hours in the law library.  In response to defendants' objection (doc. no. 70) to Polansky's request for relief, Polansky now states that he is able to use the law library, but he presses his request for injunctive relief nonetheless, stating that he is afraid that without a court order, his access to the law library may be denied in the future.

Polansky is presently able to use the law library at the prison, and thus has not demonstrated that he will suffer irreparable harm in the absence of an injunction.  Polansky's speculation concerning the possibility of a future denial of law library access is insufficient to show irreparable harm or otherwise entitle Polansky to preliminary injunctive relief. The motions requesting preliminary injunctive relief (doc. nos. 66 and 71) should be denied.

## Conclusion

For the foregoing reasons, the court recommends that the motions for preliminary injunctive relief (doc. nos. 66 and 71) be denied.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d

52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012);

Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564

(1st Cir. 2010) (only issues fairly raised by objections to

magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on

appeal).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  January 2, 2013

cc:  Christopher Polansky, pro se

LBM:jba