UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Polansky

    v.                                                 Civil No. 12-cv-105-PB

William Wrenn et al.

**REPORT AND RECOMMENDATION**

    Before the court is Christopher Polansky's "Motion to Amend" (doc. no. 77) and addenda thereto (doc. nos. 80 and 90[1]). Defendants have objected (doc. nos. 86 and 94-96), and Polansky has replied (doc. no. 89). Polansky has also filed a "Motion for Injunction and Declaratory Judgment" (doc. no. 81). Defendants have objected (doc. no. 87), and Polansky has replied (doc. no. 88). For reasons explained herein, the court recommends that the motions to amend and for declaratory and injunctive relief be denied without prejudice to Polansky's filing a new action raising the cognizable claims asserted, and requesting the relief sought, in those motions and in the addenda thereto (doc. nos. 77, 80-81, and 90).

---

[1] In his second addendum (doc. no. 90) to the motion to amend, Polansky states that he "submits the subsequent medical documents" to support his medical care claims. No medical documents were attached to the addendum. Because this court does not reach the merits of the medical care claims at this time, the lack of documentary support for the claims has had no bearing on this recommendation.

## Background

Polansky filed an initial complaint in this matter (doc. no. 1) on March 19, 2012. After conducting a preliminary review, the court ordered service (doc. no. 20) of the following five claims, which are presently pending[2]: (1) inadequate medical care due to the denial of physical therapy, in violation of the Eighth Amendment and state law; (2) the denial of a safe shower facility, in violation of the Eighth Amendment; (3) the denial of contact visits, in violation of the First Amendment right to familial association; (4) the denial of reasonable accommodations concerning shower safety, in violation of the Americans with Disabilities Act and the Rehabilitation Act; and (5) the denial of reasonable accommodations to enable Polansky to have contact visits with his family, in violation of the ADA and the Rehabilitation Act.

The claims upon which the motion for injunctive relief is based are new claims that differ from the underlying claims presently pending in this action. In Polansky's instant motion to amend and motion for injunctive relief, he asserts the following new claims: (1) inadequate medical care and treatment

---

[2]The court dismissed a number of claims from this action after preliminary review. See Doc. No. 34 (order) (approving report and recommendation (doc. no. 19)).

during and after September 2012, in violation of his rights under the Eighth Amendment and state law; (2) imposition of unconstitutional disciplinary sanctions, in violation of his Eighth Amendment rights; and (3) a violation of Polansky's Fourteenth Amendment due process rights during his 2010 medical parole proceedings, in that the parole board followed an unconstitutional state statute in a manner that resulted in Polansky being improperly denied medical parole.

## Discussion

I.  Standard of Review

   A.  Motion to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides, in pertinent part, that a party may amend its pleading with the court's leave, and that the court "should freely give leave when justice so requires."  The court has discretion to deny a motion to amend "for any adequate reason apparent from the record," see Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (internal quotation marks and citation omitted), including futility of the amendment, or late filing of the motion.  See id. at 98 (citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006)); see also Juárez v. Select Portfolio Servicing, Inc., No. 11-2431, 2013 WL 500868, *5 (1st Cir. Feb. 12, 2013) ("A district court's

exercise of discretion will be left untouched if 'the record evinces an arguably adequate basis for the court's decision.'" (citation omitted)).  "As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. . .. Once a scheduling order is in place, the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b)." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). Rule 16(b)(4) requires that a schedule be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).  The "good cause" inquiry "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Id.

    B.    Motion to Supplement Pleading

Rule 15(d) of the Federal Rules of Civil Procedure allows the court to, "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); see also Connectu LLC v. Zuckerberg, 522 F.3d 82, 90 (1st Cir. 2008). The purpose of Rule 15(d), as with other rules of civil procedure, is to "make pleadings a means to achieve an orderly and fair administration of justice." Griffin v. Cnty. Sch. Bd., 377 U.S. 218, 227

(1964).  Leave to file a supplemental pleading pursuant to Rule 15(d), in general, should be freely granted, "[a]bsent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility."  Graham v. Grondolsky, No. 08-40208-MBB, 2012 WL 405459, *16 (D. Mass. Feb. 7, 2012) (internal quotation marks and citation omitted).

"[W]hile leave to permit a supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action."  In re Exxon Valdez, 318 F. App'x 545, 547 (9th Cir. 2009) (internal quotation marks and citation omitted) (citing Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997)).  A supplemental pleading may include a new cause of action, however, if a relationship exists between the original complaint and "'the later accruing material.'"  Petro-Hunt, L.L.C. v. United States, 105 Fed. Cl. 37, 44 (Fed. Cl. 2012) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Practice and Procedure § 1504, at 253 (3d ed. 2010)).

II.  New Claims

    A.  Medical Parole

Polansky alleges that in 2010, he was denied medical parole because the statute governing medical parole proceedings then in

effect, N.H. Rev. Stat. Ann. ("RSA") § 651-A:10-a, III (2008), conditioned medical parole on a majority vote of a full seven-member parole board.[3]  At the time, one seat on the parole board was vacant.  The board denied Polansky parole as the board was not comprised of seven members, stating that it would revisit the issue upon the appointment of a seventh parole board member.  Polansky now seeks to challenge the denial of medical parole, and the constitutionality of RSA § 651-A:10-a, III, as it was applied to him in March 2010 to deny him parole.

A scheduling order in this case (doc. no. 55) set a September 1, 2012, deadline for plaintiff to amend his pleadings.[4]  Plaintiff did not file this motion to amend until January 10, 2013, more than four months after the deadline.  Plaintiff neither requested an extension of the September 1, 2012, deadline, nor provided any reason, much less "good cause," why the motion seeking to add a claim that arose in March 2010,

---

[3]RSA § 651-A:10-a, III, was amended in 2012 to allow medical parole to be granted by "a majority vote which includes at least 3 votes of the members who are present and voting."

[4]The scheduling order (doc. no. 55) did not actually issue until September 11, 2012.  However, the scheduling order adopted the terms of a proposed discovery plan submitted by the defendants on August 15, 2012 (doc. no. 42).  Prior to September 1, 2012, Polansky assented to the deadline for amendment of pleadings (doc. no. 45).

6

could not have been filed earlier.  Pursuant to Rule 16(b)(4), therefore, the motion to amend (doc. nos. 77, 80, and 90), to the extent it seeks to add a claim challenging the denial of medical parole, should be denied.

Furthermore, the medical parole claim presents a distinct cause of action involving a different set of defendants, and issues that are largely unrelated to the claims presently pending in this action.  Allowing the medical parole claim to be added to the suit at this time would require service of the action on additional defendants, and would delay resolution of the claims already pending in this matter, which have progressed to the summary judgment stage.  Defendants filed their motion for summary judgment (doc. no. 84), seeking judgment on all claims asserted in the original complaint, a week after the motion to amend (doc. no. 77) was filed.  That motion, as well as a second motion for summary judgment (doc. no. 92), are currently pending.[5]  For these reasons, the motion to amend, to the extent it seeks to add a claim challenging the denial of

---

[5]The pending summary judgment motions do not relate to or address any of the claims Polansky now seeks to add to this action.

medical parole, should be denied without prejudice to Polansky's ability to assert this claim in a new action.[6]

B.  Medical Care

Polansky seeks to add claims to this action concerning various medical problems and concerns that he alleges arose during or after September 2012. The motion to add these claims is in the nature of a motion to supplement the complaint filed pursuant to Rule 15(d), as it asserts claims that have accrued since this action was commenced.

After careful review, the court concludes that, rather than supporting or supplementing the original claims in this action with new facts, the medical care claims asserted in the motion arise out of matters that are factually and legally distinct from those presently pending before the court. Previously, Polansky has complained of an ongoing dispute with prison medical personnel concerning what treatment, medication, and diagnostic testing he should receive for his long-standing medical conditions and the pain he experiences.

---

[6]Polansky alleges this claim arose in March 2010. If Polansky intends to bring a civil rights action concerning the denial of his medical parole, he should be mindful of the three-year statute of limitations applicable to civil rights actions. See Harrington v. City of Nashua, 510 F.3d 24, 28 (1st Cir. 2010); N.H. Rev. Stat. Ann. § 508:4.

In the new medical care claims, Polansky alleges that he got an infection in September 2012 that was treated neither promptly nor properly by NHSP medical staff. Polansky alleges that these failures resulted in specific injuries, distinct from those upon which the underlying complaint is based. Further, Polansky asserts claims concerning improper and injurious catheter placement, urinary tract infections, and the treatment he received therefor, all of which have occurred during or after September 2012.

There may be certain historical facts that are relevant both to claims asserted in the original complaint and to the new medical care claims, such as the genesis of his medical condition, the contours of that condition, and his resulting disability. However, the newly asserted claims do not sufficiently relate, either factually or legally, to the claims pending in, or previously dismissed from, this action to justify the requested supplementation.

Further, Polansky has not named individual defendants in the new medical care claims, and the court is thus unable to determine whether the claims involve the same parties as those presently defending this case, or whether new parties must be identified and served for these claims to proceed. Finally, as previously stated, allowing supplementation of the complaint at

9

this time would delay resolution of the claims already pending in this matter.

For these reasons, the court finds that the motion to amend and the addenda thereto (doc. nos. 77, 80, and 90), to the extent plaintiff seeks to assert new medical care claims, should be denied. The denial should be without prejudice to Polansky filing a new action including the new medical care claims.

### C. Disciplinary Sanctions

Polansky asserts a claim that he was subjected to unconstitutional conditions of confinement, in violation of his Eighth Amendment rights, when unduly restrictive disciplinary sanctions were imposed upon him. Specifically, Polansky complains that he has been subjected to disciplinary sanctions including: placement in punitive and/or administrative segregation; denial of telephone use; denial of all access to electronics; denial of physical access to the law library; denial of canteen privileges; and denial of outdoor exercise and recreation. Polansky states that the duration of his incarceration has not been impacted by the imposition of these disciplinary sanctions.

"The Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence

10

imposed." Sandin v. Conner, 515 U.S. 472, 480 (1995) (internal quotation and citations omitted).

> [T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 484. "Discipline by prison officials in response to . . . misconduct falls within the expected perimeters of the sentence imposed by a court of law." Id. at 485. Further, inmates do not have any liberty interest in where they are housed which could invoke protection by the Due Process Clause. See Meachum v. Fano, 427 U.S. 215, 225 (1976) (Due Process Clause does not protect convicted prisoner against transfers within a state prison system as long as the prisoner is not subjected to a custody status that is outside the normal limits of the sentence).

Polansky has not alleged that the underlying disciplinary charges and proceedings were initiated for retaliatory purposes.[7]

---

[7] Even if Polansky had alleged that the disciplinary charges were false and brought to retaliate against him, false disciplinary charges cannot form the basis of a retaliation claim where an inmate has the opportunity to defend himself prior to being punished for such charges. See Starr v. Dube, 334 F. App'x 341, 343 (1st Cir. 2009) (where there is an opportunity to defend against false disciplinary charges, such charges cannot deter inmates of ordinary firmness from exercising his rights).

11

Polansky does not assert any facts to suggest that the hearings officer who imposed sanctions on him participated in, or was even aware of, any effort to retaliate against Polansky by filing unwarranted disciplinary charges against him. Polansky also concedes that the sanctions imposed did not in any way lengthen his sentence. The actual disciplinary sanctions of which Polansky complains did not themselves impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. For these reasons, Polansky's assertions are insufficient to state a claim upon which relief might be granted. Therefore, allowing Polansky either to amend or supplement his complaint to add a claim concerning his disciplinary sanctions would be futile. See Mueller Co. v. U.S. Pipe & Foundry Co., 351 F. Supp. 2d 1, 2 (D.N.H. 2005) (motions to supplement and to amend may be denied on the basis of futility). Accordingly, the motion to amend the complaint, to the extent it seeks to add a claim concerning disciplinary sanctions, should be denied.

III. Motion for Injunctive Relief

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the

12

merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20; see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).

Polansky has filed a motion for preliminary injunction (doc. no. 81) in which he seeks a court order directing defendants to: (1) provide him different pain medication and diagnostic testing than that which he is presently receiving; (2) cease imposition of his disciplinary sanctions; and (3) allow him to be medically paroled. The issues Polansky raises in the instant motion for injunctive relief are not based on the claims presently pending in this action. The request for injunctive relief stems entirely from the new claims of denial of medical parole, denial of medical care for medical needs, during and after September 2012, and improper disciplinary sanctions, which were raised for the first time in the motions to amend and for preliminary injunction (doc. nos. 77, 80, 81, and 90). The court recommends, in this report and recommendation, that the motion to amend be denied and that none of these claims be added to this action. "[A] party moving for a preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct

13

asserted in the complaint." Lyons v. Wall, No. 08-498-ML, 2010 WL 5562272, at *2 (D.R.I. Oct. 26, 2010) (citations omitted), report and recommendation approved by No. 08-498-ML, 2011 WL 87345 (D.R.I. Jan. 10, 2011).

The court recommends that the motion for a preliminary injunction (doc. no. 81) be denied as it is grounded in claims that are not part of this action. See id. The denial should be without prejudice to Polansky filing a new preliminary injunction motion, if necessary, in a new action containing the cognizable claims he raised in the instant motion to amend.

## Conclusion

For the foregoing reasons, the court recommends that the motions to amend and for preliminary injunction (doc. nos. 77, 80, 81, and 90) be denied. The denial should be without prejudice to Polansky's filing a new complaint raising the cognizable claims, and to Polansky's seeking a preliminary injunction relating to those claims as appropriate.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch.

Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                 _____
                                                 Landya B. McCafferty
                                                 United States Magistrate Judge

February 22, 2013

cc:  Christopher Polansky, pro se
     Lynmarie C. Cusack, Esq.
     Jonathan A. Lax, Esq.

LBM:jba