**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Christopher Polansky

    v.                              Civil No. 12-cv-105-PB

New Hampshire Department of
Corrections, et al.


**REPORT AND RECOMMENDATION**


Before the court are multiple motions (doc. nos. 127-136, 146, 153 and 154) filed by Christopher Polansky since April 5, 2013, when judgment was entered in this case. See Judgment (Doc. No. 124). Most of the pending motions fall into one of three categories: (1) a motion to reopen this case; (2) motions to amend the complaint in this case; and (3) motions for preliminary injunctive relief. In addition, Polansky has filed motions to: compel the production of medical records; proceed in forma pauperis; and "to inform." Defendants have objected to all but the two most recent motions (doc. nos. 153 and 154), as the time has not yet expired to file those objections.

All of the pending motions have been referred to this magistrate judge for a report and recommendation as to disposition. Finding it unnecessary to await additional objections, the court herein addresses the pending motions.

I.   <u>Motion to Reopen (Doc. No. 127)</u>

Polansky has cited Rule 60(b) as authority for reopening this action.  That rule provides that upon "motion and just terms,"

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, without reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); <u>see also</u> Gonzalez v. Crosby, 545 U.S. 524, 528-29 (2005).

Polansky has not specified upon which subpart of Rule 60(b) he relies, but his assertions of mistake, new evidence, fraud, and other equitable considerations suggest an intent to rely upon Rules 60(b)(1)-(3) and (6).  Specifically, Polansky asserts that: the court was wrong to deny him relief; he was unaware that he could appeal the decision; he now has more documentation to support the factual assertions he made in his complaint; the court's decision was based on fraudulent acts of the defendants; his constitutional rights have been recently violated and those claims have not previously been litigated; and he does not wish

to pay an additional filing fee to commence a new action
asserting his new claims.

The reopening of a case under Rule 60(b) is an
extraordinary remedy that should be granted only in "exceptional
circumstances." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

> "[R]elief under Rule 60(b) is extraordinary in nature
> and motions invoking that rule should be granted
> sparingly." . . . Such a motion must satisfy a special
> set of criteria; it is not enough merely to cast doubt
> on the soundness of the underlying judgment. . . . A
> party seeking such relief must demonstrate "that his
> motion is timely; that exceptional circumstances
> exist, favoring extraordinary relief; that if the
> judgment is set aside, he has the right stuff to mount
> a potentially meritorious claim or defense; and that
> no unfair prejudice will accrue to the opposing
> parties should the motion be granted."

Nansamba v. N. Shore Med. Ctr., Inc., ___ F.3d ___, No. 13-1266,
2013 WL 4051886, at *3 (1st Cir. Aug. 12, 2013) (quoting Fisher
v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009)).

A.   Previously Litigated Claims

Polansky has failed to demonstrate that any extraordinary
circumstances exist to warrant relief under Rule 60(b).  At its
core, Polansky's motion to reopen is actually a request to
reassert claims that were previously litigated and resolved
through a judgment adverse to Polansky.  See Order (Doc. No.
123) (approving Report and Recommendation (doc. no. 114)).
Polansky does not challenge the specific grounds upon which

judgment was entered against him; rather, he simply seeks a second chance to convince the court of the merits of his position.

To reopen this case, thereby requiring defendants, after more than a year of defending this matter and obtaining judgment in their favor, to relitigate this matter, would unfairly, and unreasonably, subject the defendants to further inconvenience and expense, without cause. Rule 60(b) does not provide a losing litigant with the relief Polansky seeks: a chance to resurrect claims and rehash arguments, without a showing of extraordinary circumstances sufficient to warrant reopening the judgment. Accordingly, as to the previously litigated claims, Polansky's motion to reopen should be denied. Polansky's remedy, if he was dissatisfied with the court's rulings, was to file a timely notice of appeal, or a timely Rule 59(e) motion.

A litigant attempting to obtain relief after the grant of summary judgment against him normally may file a motion pursuant to Rule 59(e). A Rule 59(e) motion must be filed within twenty-eight days of the entry of the challenged judgment. That time limit is jurisdictional, and the district court is thus without authority to consider a Rule 59(e) motion filed more than twenty-eight days after entry of judgment. See In re Vázquez Laboy, 647 F.3d 367, 372 (1st Cir. 2011). Polansky did not file

his motion to reopen within twenty-eight days of the April 5, 2013, judgment in this matter.  Accordingly, to the extent the request to reopen the case can be construed to arise under Rule 59(e), it should be denied.

    B.  <u>New Claims</u>

As stated above, Polansky has also asserted new claims in his motion to reopen, arising out of events which are factually distinct from the claims previously litigated in this case. Polansky admits that he seeks to assert those new claims in this action because he does not want to pay another filing fee.

Congress established the filing fee requirements for indigent prisoners as a disincentive against the filing of frivolous or repetitive prison conditions lawsuits.  <u>See</u> <u>Crawford-El v. Briton</u>, <u>523 U.S. 574, 596 (1998)</u>.  Polansky's motion seeking to add new claims post-judgment is simply an attempt to make an end run around those requirements.  For that reason, the motion to reopen must be rejected.  <u>See</u> <u>Lynn v. Anderson-Varella</u>, <u>No. 06-3172-SAC, 2008 WL 2397554, at *4 (D. Kan. June 10, 2008)</u> (three-strikes litigant's desire to avoid paying new filing fee did not warrant order reopening action under <u>Rule 60(b)</u>).  Polansky is free to assert new, nonfrivolous claims in a new action, and that is the sole appropriate forum for the litigation of such claims.

In sum, Polansky has not satisfied the criteria for obtaining relief under Rule 60(b).  Accordingly, Polansky's motion to reopen (doc. no. 127) should be denied.

II.   Motions to Amend (Doc. Nos. 128, 131 and 136) and Addenda to the Complaint (Doc. Nos. 138, 139, 155 and 156)

Polansky seeks to amend his complaint to add defendants, reiterate and reassert his dismissed claims, and to add several new claims.  However, "[t]he law in this circuit is clear that a district court may not accept an amended complaint after judgment has entered unless and until the judgment is set aside or vacated under Rules 59 or 60."  Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 538 (1st Cir. 2011), cert. denied, 132 S. Ct. 2742 (2012).  The judgment in this case has not been overturned or vacated, and moreover, as discussed above, there is no basis for reopening this case.  Accordingly, the motions to amend should be denied without prejudice to Polansky's ability to file new claims in a new action.[1]

---

[1]In recommending denial of the motions to amend, the court intends no comment on the viability of the new claims asserted therein if they were brought in another action.

III.  <u>Motions for Injunctive Relief (Doc. Nos. 129, 133-135,
      154); Motion to Compel (Doc. No. 130); Motion to Proceed In
      Forma Pauperis (Doc. No. 132); Motion to Inform (Doc. No.
      146)</u>

     Each of the remaining motions seeks relief that may not be
granted without reopening the case.  If the district judge
accepts this court's recommendation that the motion to reopen
(doc. no. 127) be denied, those remaining pending motions should
also be denied as moot.

IV.  <u>Vexatious Litigation</u>

     "Federal courts 'possess discretionary powers to regulate
the conduct of abusive litigants.'"  United States v. Gómez-
Rosario, 418 F.3d 90, 101 (1st Cir. 2005) (quoting Cok v. Fam.
Ct. of R.I., 985 F.2d 32, 34 (1st Cir. 1993)).  The court has
authority to enjoin a pro se litigant "from filing frivolous and
vexatious motions," or to require that a pro se litigant obtain
the court's leave before filing any motion or pleading.  Gómez-
Rosario, 418 F.3d at 101 (citations omitted).

     Polansky has filed, in this case, a complaint (doc. no. 1),
thirteen addenda and/or motions to amend the complaint (doc.
nos. 18, 37, 77, 80, 90, 107, 128, 131, 136, 138, 139, 155 and
156), seventeen motions for injunctive relief (doc. nos. 3, 43,
51, 56, 58, 66, 71, 81, 115, 125, 126, 129, 133-135, 153 and
154), and numerous other motions.  Many of those motions are

repetitive of one another, or rely on or reassert claims that had already been dismissed from this case at the time the motion was filed.

The court will not at this time recommend that Polansky's litigation in this court be restricted.  The court warns Polansky, however, that engagement in abusive litigation practices, such as the filing of any new motion in this closed case, absent a nonfrivolous legal basis for relief, or the filing of a new action reiterating claims that have been dismissed in this case, may well provoke an order restricting Polansky's ability to file cases in this court.

### Conclusion

For the foregoing reasons, the district judge should issue the following order:

1.    All of the pending motions in this matter (doc. nos. 127-136, 146 and 153-156) are DENIED.  The motions to amend, to the extent they seek to litigate new claims for relief, are denied without prejudice to Polansky's ability to raise those claims in a new action.

2.    Polansky is warned that any further engagement in abusive or vexatious litigation practices may result in an

order restricting Polansky's ability to file cases in this court in the future.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

September 19, 2013

cc:  Christopher Polansky, pro se
     Lynmarie C. Cusack, Esq.
     Jonathan A. Lax, Esq.

LBM:jba